IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RALPH ANGUS FALU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 08-0059-WS-C |
| | ) |
| JOHN E. POTTER, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action comes before the Court on *pro se* plaintiff Ralph Angus Falu's filing styled "Request for Legal Representation and Legal Aid and Extension" (doc. 10).[1]

On April 14, 2008, the undersigned entered an Order (doc. 9) chronicling the lengthy and unproductive history of this six-month-old litigation. The April 14 Order noted the following salient facts: (a) back on October 25, 2007, Falu was ordered by Judge Proctor of the Northern District of Alabama to file an Amended Complaint on or before November 23, 2007 to remedy certain deficiencies in his original pleading; (b) Falu never complied with Judge Proctor's directive; (c) Falu failed to perfect service of process on defendant at any time; and (d) following the transfer of this action to this District Court on January 15, 2008, there had been no activity of any kind in this file. Based on this history of delay and unresponsiveness, the April 14 Order made it clear that such foot-dragging would no longer be tolerated. On that basis, Falu was ordered to submit his Amended Complaint on or before April 28, 2008, and to perfect service of process on defendant on or before May 12, 2008. In deference to Falu's *pro se* status, the April 14 Order included two very specific cautionary instructions. First, with respect to the April 28 deadline for filing an Amended Complaint, the Order stated as follows: "Given that plaintiff has been on notice of this requirement for almost six months, he is cautioned not to expect any

---

[1] Falu submitted this filing as a letter to the Court even though the undersigned's Order (doc. 9) entered on April 14, 2008 instructed him that "correspondence will not be accepted for filing, and that any document he intends to file in this action must be in the form described in Section II.D. of the *Pro Se* Litigant Guide." (Doc. 9, at 2.)

further enlargements of time for compliance." (Doc. 9, at 2.) Second, the April 14 Order also stated in bold type as follows: "Plaintiff is warned that his claims are subject to dismissal without prejudice if he does not comply with these deadlines or if he does not otherwise diligently prosecute his claims against the Postal Service." (*Id.*)

The April 28 deadline came and went without Falu filing the Amended Complaint, as ordered by this Court and as ordered by Judge Proctor back in October 2007. In lieu of the Amended Complaint, Falu instead mailed the undersigned a letter in which he wrote, "Due to my medical condition I am unable to comply with the Court's orders." (Doc. 10, at 1.)[2] He also listed the names of seven legal providers that he had contacted in February 2008 or earlier in an unsuccessful effort to secure legal representation in this matter. Falu's own submission reflects that he did not contact any of these providers following the April 14 Order. Notwithstanding his apparent inaction in this matter, plaintiff seeks appointment of counsel and an extension of time to comply with the deadlines prescribed by the April 14 Order.

Falu's request for appointment of counsel is without merit. Judge Proctor denied a similar request by plaintiff more than six months ago. (*See* doc. 3.) Moreover, the law is clear that appointment of counsel is not a constitutional right, but is instead "a privilege that is justified only by exceptional circumstances." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *see also Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996) ("Court appointed counsel in civil cases is warranted only in 'exceptional circumstances,' and whether such circumstances exist is also committed to district court discretion."). Plaintiff has made no such showing of exceptional circumstances here. While the Court understands that Falu is currently under a physician's care for emotional issues, he has not demonstrated that he is incapable of presenting the essential merits of his position to the Court or of undertaking basic steps to litigate this action on his own behalf. Accordingly, the request for appointment of counsel is **denied**.

With respect to plaintiff's request for an extension of time, he has made no showing of good cause for any such enlargement, as required by Rule 6(b)(1), Fed.R.Civ.P. Although Falu

---

[2] Two physicians' letters appended to Falu's filing reflect that he is being treated for work-related emotional problems and that he was diagnosed with post-traumatic stress disorder in November 2004.

represents that he attempted to comply with the April 14 Order to the best of his ability, the Court cannot discern that he took any steps whatsoever other than to write the letter docketed in this action as document 10.  Plaintiff has had more than six months to craft an Amended Complaint in compliance with the directives of two different federal judges in these proceedings. He has failed to do so, even though he appears capable of doing so, judging by the fact that he prepared the initial Complaint (doc. 1) and received specific instructions from Judge Proctor and from this Court as to the areas in which clarification was necessary.  More importantly, plaintiff's failure even to attempt to file an Amended Complaint proceeds in direct contravention of the provisions of the April 14 Order placing him on notice that he should not expect further extensions and that failure to prosecute his claims diligently would result in dismissal of this action without prejudice.  Finally, under the circumstances presented here, it appears that additional extensions of time would serve no constructive purpose whatsoever.  Despite receiving extension after extension dating back to October 2007, Falu has never followed through and filed the requisite Amended Complaint.  There is no reason to believe that granting him yet another extension here would result in the submission of an appropriate amended pleading in due course.  For all of these reasons, and in light of plaintiff's demonstrated history of inaction and noncompliance with court orders, his request for an extension of time is **denied**.

      The question remains as to what should become of this action, given Falu's noncompliance with the April 14 Order.  District courts possess inherent power to sanction errant litigants before them.  *See Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose "reasonable and appropriate" sanctions."); *F.J. Hanshaw Enterprises, Inc. v. Emerald River Development, Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) ("All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders.").  These incidental, inherent powers unquestionably include the power to dismiss an action for failure to prosecute. *See In re Mroz*, 65 F.3d 1567, 1575 n.9 (11th Cir. 1995) (recognizing that power exists); *see also Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) (same); *U.S. ex rel. Drake v. Norden*

*Systems, Inc.*, 375 F.3d 248, 250-51 (2nd Cir. 2004) (reaffirming district judge's authority to dismiss actions for failure to prosecute and pointing out that such authority is an important tool for preventing undue delays and avoiding docket congestion); *see generally McKelvey v. AT & T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) ("The decision to dismiss for want of prosecution lies within the trial court's discretion and can be reversed only for an abuse of discretion."). Indeed, Rule 41(b), Fed.R.Civ.P., expressly "authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999).

   Notwithstanding the availability of such a sanction in every district court's arsenal, the Eleventh Circuit has held that dismissal of an action for failure to prosecute should be undertaken only as a last resort, when lesser sanctions would be inappropriate, and "only in the face of a clear record of delay or contumacious conduct by the plaintiff." *McKelvey*, 789 F.2d 1518, 1520 (11th Cir. 1986); *see also Goforth*, 766 F.2d at 1535 (dismissal for failure to prosecute is appropriate where the record reflects a "clear record of delay or willful contempt" on the part of a litigant). Contumacious conduct warranting dismissal for failure to prosecute includes such activities as "protracted foot-dragging," "defiance of court orders," "ignoring warnings," and "wasteful expenditure of the court's time." *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4-5 (1st Cir. 2002); *see also Jones*, 709 F.2d at 1462 (affirming dismissal for failure to prosecute where plaintiff disregarded multiple court orders directing him to respond within a certain time); *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (explaining that trial court has obligation to control and manage its own docket, and that consistent disregard of scheduling orders furnishes sufficient reason under Rule 41(b) to dismiss case involuntarily for want of prosecution); *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 40 (1st Cir. 2003) (recognizing that failure to respond to a motion renders a party susceptible to involuntary dismissal for failure to prosecute); *Porter v. Guarino*, 223 F.R.D. 282, 284 (M.D.N.C. 2004) (deeming dismissal for failure to prosecute appropriate where there was total non-cooperation by plaintiff's counsel, a history of delay, and prejudice to defendant).

   Under the circumstances presented here, the Court finds that dismissal of this action without prejudice is the only appropriate sanction. Plaintiff has undertaken no action whatsoever to prosecute his case since filing his Complaint more than six months ago. He has disregarded

repeated orders by Judge Proctor and this Court to take appropriate steps to prosecute this matter.  He has failed to undertake to comply with the April 14 Order, despite its express warning that noncompliance would result in dismissal of this action.  In light of the foregoing, and the Court's determination that lesser sanctions will not suffice to remediate plaintiff's clear pattern of delay and non-compliance with court orders, this action is **dismissed without prejudice** pursuant to Rule 41(b), Fed.R.Civ.P., for failure to prosecute and failure to comply with orders of this Court.

DONE and ORDERED this 5th day of May, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE