THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RALPH ANGUS FALU, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 08-00059-WS-C |
| JOHN E. POTTER, | : | |
| Defendant. | : | |

REPORT AND RECOMMENDATION

This action was referred to the undersigned by the Clerk of Court pursuant to 28 U.S.C. § 636(b)(3) and is now before the undersigned on Plaintiff's motion for leave to appeal *in forma pauperis*. (Doc. 14). For the reasons stated below, it is recommended that the motion be denied.

I.   Facts and Proceedings.

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a Complaint in the United States District Court for the Northern District of Alabama on October 18, 2007, against John E. Potter, Postmaster General, related to Plaintiff's termination of employment with the United States Postal Service. (Doc. 1). On October 25, 2007, the Northern District Court granted Plaintiff's motion to proceed *in forma pauperis* (Doc. 3) and ordered him to file an Amended Complaint, which Plaintiff failed to do. On January 15, 2008, the Northern District Court transferred Plaintiff's action to this Court, at Plaintiff's request. (Doc. 7).

On April 14, 2008, this Court issued an Order directing Plaintiff to file an Amended Complaint on or before April 28, 2008, which Plaintiff failed to do.  (Doc. 9). On May 5, 2008, the Court denied Plaintiff's motion to appoint counsel and for an extension of time and dismissed Plaintiff's Complaint, without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute and failure to comply with orders of this Court. (Doc. 11).  On June 9, 2008, and June 11, 2008, Plaintiff filed a motion to for leave to appeal *in forma pauperis* and Notice of Appeal, respectively.  (Doc. 13, 14).

II. Authorities.

28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24 govern the determination of applications to proceed with an appeal *in forma pauperis*.  See Ex parte Chayoon, 2007 WL 1099088, *2 (M.D. Fla. 2007) (citing Brown v. Pena, 441 F. Supp. 1382, 1384 (S.D. Fla. 1977), *aff'd,* 589 F.2d 1113 (5th Cir. 1979)).[1]  Section 1915(a) provides, in relevant part:

> (1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, *or appeal therein*, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) *An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.*

28 U.S.C. § 1915(a) (emphasis added).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Rule 24(a) of the Federal Rules of Appellate Procedure further provides, in relevant part:

> (1) *Motion in the District Court.* Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. The party must attach an affidavit that:
>
>> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>> (B) claims an entitlement to redress; and
>> (C) states the issues that the party intends to present on appeal.
>
> (2) *Action on the Motion.* If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.

Fed. R. App. P. 24(a).

The test for whether an appeal is taken in good faith under § 1915(a) is whether the litigant seeks appellate review of any issue that is not frivolous. Chayoon, 2007 WL 1099088, at *1 (citing Coppedge v. United States, 369 U.S. 438, 445 (1962)). "[A]n appellant's good faith subjective motivation for appealing is not relevant, but rather whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal." Kirklewski v. Hamilton, 2008 WL 906011, at *1 (S.D. Ohio 2008); see also Coppedge, 369 U.S. at 445.

### III.    APPLICATION.

As discussed above, on May 5, 2008, the Court denied Plaintiff's motion to appoint counsel and for an extension of time and dismissed Plaintiff's action, without prejudice, for failure to prosecute and failure to comply with the orders of this Court. (Docs. 11, 12). On June 9, 2008, and June 11, 2008, Plaintiff filed a motion for leave to proceed *in forma pauperis* on appeal and a Notice of Appeal of the dismissal of his action. (Docs. 13, 14).

The undersigned has again reviewed the lone pleading filed by Plaintiff in the entirety of this action, his deficient Complaint, which he filed on October 18, 2007.  As discussed above, despite admonitory orders from this Court and the Northern District Court to amend his Complaint to state a viable cause of action against Defendant and to diligently prosecute his action, Plaintiff failed to do so.  Consequently, finding that Plaintiff's action had been plagued by deficiency, unjustified delay, unresponsiveness, and disregard of the Court's orders, the Court dismissed the action on May 5, 2008, pursuant to Federal Rule of Civil Procedure 41(b).

In Plaintiff's motion for leave to appeal *in forma pauperis,* filed on June 9, 2008, Plaintiff failed to state any issues that he intends to present on appeal, as required by Federal Rule of Appellate Procedure 24(a)(1)(C).  Similarly, in his Notice of Appeal, Plaintiff is silent as to any issues he wishes to present on appeal.

Having considered the foregoing at length, the undersigned can perceive no legitimate, non-frivolous issue to be presented on appeal.  The undersigned, therefore, recommends that the District Judge certify in writing, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not taken in good faith and that Plaintiff's motion to proceed *in forma pauperis* on appeal be denied.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 30th day of June, 2008.

        s/WILLIAM E. CASSADY
        WILLIAM E. CASSADY
        UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(c); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.